UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-23112-MGC

EXPORTADORA ATLANTICO, S.A.,

      Plaintiff,

v.

FRESH QUEST, INC., XELA ENTERPRISES, LTD.,
TROPIC INTERNATIONAL, LTD., FRESH QUEST
MELON, LLC, AGROEXPORTADORA MUNDIAL, S.A.,
ALAN GUTTMAN, JUAN G. GUTIERREZ, MARK
KOROL, JUAN A. GUTIERREZ, CALVIN K. SHIELDS

      Defendants.

_____/

**DEFENDANT FRESH QUEST, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant Fresh Quest, Inc. ("Fresh Quest"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L.R. 7.1(a)(1), hereby moves for entry of an Order dismissing Plaintiff Exportadora Atlantico, S.A's ("Plaintiff" or "Exportadora") Complaint (D.E. 1), or alternatively requests a more definite statement pursuant to Fed. R. Civ. P. 12(e). In support, Fresh Quest states:

**INTRODUCTION**

Plaintiff, a grower of cantaloupe and melons in Guatemala, brings this action against its distributor, Fresh Quest, for purportedly breaching the parties' marketing and distribution agreement. The Plaintiff then transforms this breach of contract action into a 57-page, 322

1

paragraph, 15 count Complaint against Fresh Quest and 10 other Defendants.[1] As explained below, the Complaint suffers from many flaws, some of which are fatal, and all of which require dismissal.

First, Count IX of the Complaint for tortious interference must be dismissed because Fresh Quest cannot tortiously interfere with its own contract with Plaintiff.

Second, Count VII of the Complaint for unjust enrichment must be dismissed because while Plaintiff is entitled to plead in the alternative, it cannot do so when – as here – the Plaintiff has alleged an express agreement, attached the express agreement to its Complaint, and then does not allege that the agreement it is suing upon is invalid.

Third, Count IX of the Complaint for conspiracy must be dismissed because under Florida law, Fresh Quest is incapable of conspiring with its alleged agents. Florida law is also clear that one cannot conspire to breach a contract, and because Plaintiff's conspiracy count is purportedly premised on Plaintiff's breach of contract, this is yet another ground for dismissal. Alternatively, Plaintiff should be required to provide Fresh Quest with a more definite statement detailing the alleged actors involved in the conspiracy, what unlawful acts Fresh Quest conspired to do, and what overt actions were taken by Fresh Quest in furtherance of the conspiracy.

Fourth, and finally, the Complaint as a whole is a shotgun pleading that requires a more definite statement because Plaintiff incorporates every antecedent allegation by reference into each subsequent claim for relief. This makes it impossible for Fresh Quest to know which allegations are intended to support Plaintiff's claims against it. And because the Complaint lumps Fresh Quest with all of the other Defendants throughout the Complaint, it compounds the uncertainly of Plaintiff's 322 allegations, which is especially troublesome given that some of

---

[1] The lions share of Defendants in this action have not been served by Plaintiff. It should also be noted that Plaintiff fails to allege what damages, if any, it suffered.

Plaintiff's claims are purportedly not asserted against Fresh Quest, but nevertheless, all of Plaintiff's 15 claims request relief against Fresh Quest. This Court should therefore require Plaintiff to replead its Complaint to provide a more definite statement of its claims in an amended pleading.

## STATEMENT OF FACTS

As alleged in the Complaint, Plaintiff is a Guatemalan corporation with farming operations in Asuncion Mita, Guatemala that raises honeydew melon and cantaloupe for marketing and sale in the United States. *See* Compl. ¶¶ 1-2. On or about August 15, 2013, Plaintiff and Fresh Quest entered into an exclusive marketing agreement (the "Agreement"), under which the Plaintiff agreed to sell cantaloupe and honey dew melons, and Fresh Quest agreed to purchase the produce for a period of three years between 2013 and 2015. *See* Compl. ¶¶ 56, 59. On or about September 16, 2014, Fresh Quest executed an addendum to the Agreement (the "Addendum") (Agreement and Addendum are collectively referred to as the "Marketing Agreement"), which set forth additional terms relating to the parties' performance under the Marketing Agreement during the 2014-2015 growing season. *See* Compl. ¶ 57.

It is further alleged that the Marketing Agreement created two separate and distinct relationships between Plaintiff and Fresh Quest. *See* Compl. ¶ 74. On the one hand, the Marketing Agreement set forth the terms upon which Fresh Quest purchased the produce from Plaintiff. *See* Compl. ¶ 75. On the other hand, the Marketing Agreement set forth terms upon which Fresh Quest agreed to initially procure, secure, schedule, and provide certain freight and transportation related services to Plaintiff. *See* Compl. ¶ 76.

The Plaintiff further alleges that Fresh Quest breached the Marketing Agreement by failing to obtain a timely USDA inspection to support any failure to pay Plaintiff (Compl. ¶ 208);

3

failing to pay it for produce purchased from Plaintiff (Compl. ¶ 209); and failing to pay certain invoices for packaging materials Plaintiff used to pack the produced shipped to Fresh Quest (Compl. ¶¶ 210-212). On these allegations, Plaintiff also asserts that under the Perishable Agricultural Commodities Act ("PACA"), which Plaintiff purports to govern this Marketing Agreement, Fresh Quest failed to: properly account for the produce transactions; promptly pay for the produce; made false and misleading statements in connection with the produce transactions; and did not operate with good faith and fair dealing. *See generally* Compl. ¶¶ 179-192; 194-202; 237-259; 261-272; 283-288.

Based on these allegations, Plaintiff's Complaint appears to assert the following causes of action Fresh Quest[2]: Failure to Account Promptly pursuant to 7 U.S.C. § 499(b)(4) (count I); Failure to Promptly Pay pursuant to 7 U.S.C. § 499 (count II); Breach of Contract (count III); Failure to Truly and Accurately Account pursuant to 7 U.S.C. § 499b(4) (count V); Make False or Misleading Statements in violation of PACA (count VI); Unjust Enrichment (count VII); Breach of Good Faith and Fair Dealing under PACA (count VIII); and Intentional Interference with Contract (count IX).

<b>MEMORANDUM OF LAW</b>

I.  **LEGAL STANDARD**

   a. **Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. Dismissal

---

[2] Although, as explained below, because of the shotgun nature of Plaintiff's Complaint it is entirely unclear which counts are asserted against Fresh Quest because some counts are labeled as only being against the Principals (which is defined in paragraph 7 of the Complaint as only including Defendants Xela, Tropic, Juan, Guttmann, Shields, Korol, Arturo and Bofill), such as in count IV, but then relief is requested against all of the Defendants, which presumably includes Fresh Quest.

is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal citations omitted). "Although for the purposes of a motion to dismiss [the court] must take all of the factual allegations as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Therefore, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1974 (2007). Plaintiff is obligated to sufficiently state the grounds for which it is entitled to relief, and the Complaint must contain enough facts to state a claim for relief that is plausible on its face. *Id.* at 547.

      **b. Motion for More Definite Statement**

Federal Rule of Civil Procedure 12(e), in turn, allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must address the defects of the pleading and explain the details desired. *Id.*

**II.    PLAINTIFF'S COUNT IX (TORTIOUS INTERFERENCE WITH CONTRACT) SHOULD BE DISMISSED.**

Plaintiff purports to allege in Count IX of the Complaint a claim for tortious interference of the Marketing Agreement against Fresh Quest. *See* Compl. ¶¶ 289-293. However, this claim fails because Fresh Quest cannot tortiously interfere with its own contract. Pursuant to Florida law, "a party cannot be sued in tort for interfering with its own contract or business relationship." *Hyatt Corp. v. Epoch-Florida Capital Hotel Partners, Ltd.*, 2008 WL 490121, at *1 (M.D. Fla.

5

Feb. 20, 2008) (citing *Ernie Haire Ford, Inc. v. Ford Motor Co.,* 260 F.3d 1285, 1924 (11th Cir. 2001)). Instead, the "interfering defendant must be a third party, a stranger to the business relationship." *Id.* Here, Plaintiff alleges that the principals of Fresh Quest "took actions intended to induce a breach or disruption of the contract." *See* Compl. ¶¶ 291. Fresh Quest, however, is not a third party or stranger to the business relationship, but rather a signatory to the Marketing Agreement. As a result, Fresh Quest cannot interfere with its own contract or business relationship with Plaintiff. Count IX of the Complaint for tortious interference must therefore fail and be dismissed against Fresh Quest for failure to state a claim.

### III. PLAINTIFF'S COUNT VII (UNJUST ENRICHMENT) SHOULD BE DISMISSED.

As mentioned, the Plaintiff has asserted a breach of contract claim against Fresh Quest for purportedly breaching the parties' Marketing Agreement. As an apparent alternative count, Plaintiff has attempted to also sue Fresh Quest for unjust enrichment in Count VII arising out of the same conduct that serves the basis of its breach of contract count. *See* Compl. ¶¶ 273-281. This claim, however, must fail because "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Wilson v. EverBank, N.A.*, 77 F.Supp 3d 1202, 1220 (S.D. Fla. Jan 6, 2015). No such allegation is made here. Instead, Plaintiff throughout the Complaint continuously re-affirms the validity of the Marketing Agreement, and attaches a copy of same to Complaint. *See id.* ("While Plaintiffs are entitled to plead in the alternative, they cannot dispute the authenticity of documents they submit to the Court for consideration and which are fundamental to their claims."). For this reason, Plaintiff's claim for unjust enrichment must fail. *See id.*; *see also Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F.Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("As there is a valid express contract that no party challenges, Plaintiff

may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18.").

### IV. PLAINTIFF'S COUNT XIV FOR CONSPIRACY SHOULD BE DISMISSED.

Plaintiff's entire Complaint is premised on Fresh Quest's purported breach of the parties' Marketing Agreement. On the basis of these allegations, Plaintiff attempts to bring a conspiracy count against Fresh Quest in Count XIV of the Complaint based on a purported – yet undefined – conspiracy "to perform the tortious and other wrongful acts and schemes set forth in this complaint." *See* Compl. ¶ 315. However, Plaintiff's claim fails as a matter of law because principals cannot conspire with their own company. An action for conspiracy requires two or more persons (or entities) with a common purpose "seeking to accomplish an unlawful act or to accomplish a lawful act by unlawful means." *Buckner v. Lower Florida Keys Hospital Dist.*, 403 So. 2d 1025, 1029 (Fla. 3d DCA 1981). Under the intracorporate conspiracy doctrine, "a corporation's officers, directors or employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Microsoft Corp. v. Big Boy Distribution* LLC, 589 F.Supp. 2d 1308, 1322 (S.D. Fla. 2008) (citing *Dickerson v. Alachua County Com'n,* 200 F.3d 761 (11th Cir. 2000). Here, Plaintiff's entire complaint is premised on actions that Fresh Quest and its alleged principals purportedly did in the course and scope of their employment. Dismissal is therefore warranted.

Additionally, Plaintiff's conspiracy claim also fails because conspiracy to breach a contract is not a recognized cause of action in Florida. "An actionable conspiracy requires an actionable underlying tort or wrong." *SFM Holdings, LTD, v. Banc of America Securities, LLC*, 764 F.3d 1327, 1339 (11th Cir. 2014) (quoting *Raimi v. Furlong*, So. 2d 1273, 1284 (Fla. 3d DCA. 1997). In other words, a valid cause of action for civil conspiracy only exists if "the basis

7

for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." *Id.* (quoting *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 951 (Fla. 3d DCA 1984). A breach of contract claim does not constitute a sufficient basis for a cause of action in tort. *See Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986). Therefore, conspiracy to breach a contract does not exist. Here, Plaintiff's Complaint is based on Fresh Quest's purported breach of the parties' Marketing Agreement and Count XIV merely incorporates all of the allegations in the Complaint. Because Plaintiff's claims are predominantly based on breach of the Marketing Agreement and do not otherwise identify what Fresh Quest's underlying independent tort is, the civil conspiracy count must fail and be dismissed.

Alternatively, should this Court not dismiss Count XIV of Plaintiff's Complaint for conspiracy for failure to state a claim, Fresh Quest's Motion for More Definite Statement should be granted so Plaintiff can specifically allege who is involved in the conspiracy, what specific unlawful acts Fresh Quest purportedly conspired to do, and what overt acts were taken by Fresh Quest in furtherance of the conspiracy. Providing this specific information will put Fresh Quest on notice about the specific allegations against it, allowing it to respond to Plaintiff's Complaint accordingly.

## V. ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS AN IMPROPER "SHOTGUN PLEADING."

Plaintiff's Complaint should be dismissed because it is an impermissible "shotgun pleading" that violates Federal Rules of Civil Procedure 8(a) and 10(b) and does not allow Fresh Quest to prepare a proper responsive pleading. The Eleventh Circuit has continuously criticized the use of shotgun pleadings, and has outlined four categories the pleadings fall within. First, and most commonly, is the "complaint containing multiple counts where each count adopts the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Yahav Enter. LLC v. Beach Resorts Suites LLC*, 2016 WL 111361, at *2 (S.D. Fla. Jan. 11, 2016) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Second, is a complaint filled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* Third, "is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* Fourth, and relatively rare, is the assertion of "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Here, Plaintiff is guilty of two of these shotgun approaches.

Plaintiff's Complaint falls under the first category detailed by the Eleventh Circuit because it contains 15 counts and each count adopts the allegations of the preceding counts. This results in the adoption of over 300 counts in total.  Plaintiff's Complaint also falls within the fourth category because it fails to specify which Defendants are responsible for which acts and instead groups all of the Defendants together in each count's wherefore clause, making it unclear which Defendant Plaintiff is referring to.

For example, count XV for aiding and abetting does not list which Defendants it is asserting this claim against. The body of the count, however, alleges that the principals of Defendants aided and abetted their fiduciary duties, see Compl. ¶¶ 318-322, but then the wherefore clause requests judgment against all of the Defendants, which includes Fresh Quest. By contrast, Plaintiff's count IV for breach of fiduciary duty is purportedly only against the principals, which is defined in the Complaint as <u>not</u> including Fresh Quest, see Compl. ¶ 7, but

9

then the wherefore clause of count IV is against all of the Defendants, which includes Fresh Quest.

Based on the foregoing, the Complaint should be dismissed because it is an improper shotgun pleading that fails to provide Fresh Quest with adequate notice for the allegations against it. As a result, a more definite statement is required. *See e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Kabbaj v. Obama*, 568 Fed.Appx. 875, 880 (11th Cir. 2014) (holding that an improper shotgun pleading existed where "the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct."); *see also Gunzburger v. Lamberti*, 2008 WL 2950110, at *1 (S.D. Fla. July 31, 2008) ("If a pleading 'fails to specify the allegations in a manner that provides sufficient notice' or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for more definite statement.") (quoting *Swierkiwicz v. Sorema N.A.*, U.S. 506, 514 (2002)); *see also id.* ("Courts typically grant motions under Rule 12(e) for 'shotgun' pleadings, in which it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'") (quoting *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996)).

## CONCLUSION

Based upon the foregoing, Counts VII, IX, and XIV of Plaintiff's Complaint should be dismissed because those counts fail to state claims upon which relief can be granted. In the

alternative, Fresh Quest's Motion for More Definite Statement should be granted because Plaintiff's vague allegations, which are incorporated into every count and which fail to specifically identify the Defendant in question, do not provide Fresh Quest with adequate notice of the charges being brought against it.

Dated: September 6, 2016                    Respectfully submitted,

                                            **CAREY RODRIGUEZ**
                                            **MILIAN GONYA, LLP**

                                            By: /s/ *Juan J. Rodriguez*
                                            Juan J. Rodriguez, Esq.
                                            Florida Bar No. 613843
                                            Primary: jrodriguez@careyrodriguez.com
                                            Secondary: lmejia@careyrodriguez.com
                                            David M. Levine, Esq.
                                            Florida Bar No. 84431
                                            dlevine@careyrodriguez.com
                                            1395 Brickell Avenue, Suite 700
                                            Miami, FL 33131
                                            Telephone: 305-372-7474
                                            Facsimile: 305-372-7475
                                            *Attorneys for Defendant Fresh Quest, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/ Juan J. Rodriguez*
                                            Juan J. Rodriguez, Esq.