UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23112-Civ-COOKE/TORRES

EXPORTADORA ATLANTICO, S.A.,

    Plaintiff,

vs.

FRESH QUEST, INC., XELA
ENTERPRISES, LTD., TROPIC
INTERNATIONAL LTD., FRESH
QUEST MELON LLC, AGROEXPORTADORA
MUNDIAL, S.A., ALAN GUTTMANN,
JUAN G. GUTIERREZ, MARK KOROL,
JUAN A. GUTIERREZ, CALVIN SHIELDS
and MARIA BOFILL, each individually,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

THIS CASE is before me on Plaintiff Exportadora Atlantico, S.A.'s ("Plaintiff") Motion to Stay Proceedings (ECF No. 81). Defendant Fresh Quest, Inc. ("Fresh Quest") filed a Response in Opposition (ECF No. 87) and Defendant Fresh Quest Melons, Inc. ("FQ Melons") filed a separate Response in Opposition (ECF No. 88). Plaintiff did not file a reply and the matter is now ripe for review. Having carefully considered the Parties' motions and responses, the record, and the relevant legal authorities, Plaintiff's Motion to Stay Proceedings (ECF No. 81) is denied.

## I. BACKGROUND

At its heart, this case is a breach of contract case. Plaintiff, a Guatemalan company engaged in exporting melons, entered into an agreement with Fresh Quest, a Florida corporation, wherein Fresh Quest was to sell Plaintiff's melons in North America. In Plaintiff's Complaint (ECF No. 1), Plaintiff alleges that Fresh Quest breached their agreement during the 2014–2015 season, causing Plaintiff to suffer damages. At some point after the alleged breach and prior to Exportadora filing this lawsuit, Fresh Quest sold its

1

U.S.-based assets to FQ Melons, a Florida limited liability company. On July 6, 2016, also after Fresh Quest sold its assets to FQ Melons, Fresh Quest commenced an Assignment for the Benefit of Creditors Proceeding in state court pursuant to Chapter 727, Florida Statutes, assigning all of its remaining assets to an Assignee to be liquidated "and ensure full reporting to creditors and equal distribution of assets according to priorities as established under [Chapter 727]." Fla. Stat. §727.101 (2016).

Plaintiff filed the instant lawsuit on July 18, 2017. The only counts that remain from the Complaint (ECF No. 1) against any active Defendants are breach of contract against Fresh Quest (Count III) and successor in interest liability against FQ Melons (Count X).[1] On September 14, 2016, Fresh Quest filed a Suggestion of Assignment ("Suggestion") (ECF No. 23), alerting the Court and Parties that an Assignment for the Benefit of Creditors Proceeding ("Assignment Proceeding") had been filed on July 6, 2016; however, the Suggestion was labeled on the docket as a Suggestion of Bankruptcy. On February 7, 2017, the Honorable Judge Torres stayed Plaintiff's response to Fresh Quest's Motion to Dismiss based upon the filing of a suggestion of bankruptcy. *See* ECF No. 61. While no Party ever notified the Court that it disagreed with the entry of a stay until the filing of Plaintiff's instant motion, Plaintiff and Fresh Quest were in agreement at the time Fresh Quest filed the Suggestion that the state court Assignment Proceeding did not stay the case. *See* Ex. A, ECF No. 87-1.

On April 24, 2017, Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff (ECF No. 68). Plaintiff's counsel was granted leave to withdraw on May 9, 2017. *See* ECF No. 72. Plaintiff finally obtained new counsel on June 15, 2017, after being granted a brief extension of time. Once again with counsel, Plaintiff filed a Motion to Stay Proceedings ("Motion") (ECF No. 81). In its Motion, Plaintiff seeks not only to extend the stay entered on February 7, 2017 as to Fresh Quest's Motion to Dismiss, but to expand the stay so it applies to all Defendants, including Defendants who may never have been served in the instant action. Fresh Quest now objects to the initial stay and both Fresh Quest and FQ Melons oppose Plaintiff's request to extend and expand the stay.

---

[1] Several other entities and individuals were named as Defendants in the Complaint (ECF No. 1); however, those Defendants have either been dismissed (*see* ECF Nos. 64–67) or do not appear to have been served with notice of this lawsuit.

## II. DISCUSSION

In the instant case, a stay was entered based upon a mislabeled filing of a suggestion of bankruptcy. *See* ECF No. 61. When a bankruptcy suit is filed, it operates to stay "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of [a bankruptcy case], or to recover a claim against the debtor that arose before the commencement of [a bankruptcy case]." 11 U.S.C. § 362. "The filing of a [bankruptcy] petition operates as an automatic stay." *In re State Airlines, Inc.*, 873 F.2d 264, 269 (11th Cir. 1989).

However, Fresh Quest has not filed a petition for bankruptcy; Fresh Quest filed a petition for an Assignment for the Benefit of Creditors Proceeding pursuant to Chapter 727, Florida Statutes. Plaintiff argues that the current stay is appropriate even as to an assignment proceeding. Fresh Quest, on the other hand, admits that it should have alerted the court to the mislabeled filing and inapplicability of the stay at the time it was entered, but maintains that an assignment proceeding does not give rise to an automatic stay and does not warrant a stay. After reviewing Chapter 727, I agree that Florida law does not require a stay, nor is a stay warranted in this case.

An assignment proceeding under Chapter 727 is similar to a federal bankruptcy proceeding; however, its function is to serve as "an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor." *Hillsborough Cty. v. Lanier*, 898 So. 2d 141, 143 (Fla. Dist. Ct. App. 2005); *see also* Fla. Stat. 727.101 (2016). There is no automatic stay provision built into Chapter 727. The most relevant portion of the chapter is Section 727.105, which provides as follows:

> Proceedings may not be commenced against the assignee except as provided in this chapter, but nothing contained in this chapter affects any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. Except in the case of a consensual lienholder enforcing its rights in personal property or real property collateral, there shall be no levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee.

While no lawsuit may be brought against the assignee except as provided in the statute, there is no stay against proceeding to judgment against an *assignor* in a separate proceeding.

Fresh Quest is the assignor, and is therefore not subject to any stay, even though the Assignment Proceeding might effectively operate as a stay on collecting any judgment.

Plaintiff next argues that the current stay should be continued and expanded to encompass FQ Melons, as well as Defendants who do not even appear to have been served—none of whom are a part of the Assignment Proceedings. Plaintiff reasons that these Defendants, who Plaintiff alleges are alter egos of Fresh Quest or engaged in fraudulent transfers of Fresh Quest's assets, could be subject to fraudulent transfer claims brought by the Assignee; the stay would thus protect them from having to defend themselves against duplicative actions. While Plaintiff is correct that "only an assignee has standing to pursue fraudulent transfers, preferential transfers or other derivative claims," *Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp.*, 48 So. 3d 896, 899 (Fla. Dist. Ct. App. 2010), no such claims are made in this case against FQ Melons. As a result, FQ Melons would not be subject to duplicative actions and vehemently disagrees that a stay in this case is appropriate. Whether or not the remaining, non-dismissed counts in Plaintiff's Complaint against Defendants Xela Enterprises, Ltd., Juan Gutierrez, and Arturo Gutierrez would fall under the exclusive province of the Assignee, there is no justifiable reason to stay the proceedings against them in these circumstances. The Defendants Xela Enterprises, Ltd., Juan Gutierrez, and Arturo Gutierrez have not appeared in this case, presumably because they have not been served. They are therefore not subject to the current lawsuit, meaning should the Assignee choose to file an action against any or all of them as a result of the Assignment Proceedings, any such action would not be duplicative. Plaintiff has made no arguments that support a further stay of this action.

### III.    CONCLUSION

For the reasons discussed above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion to Stay Proceedings (ECF No. 81) is **DENIED**.
2. The stay entered in the Order Staying Fresh Quest's Motion to Dismiss (ECF No. 61) is lifted.
3. Within seven (7) days of the entry of this Order, Plaintiff shall file a Notice with the Court that Defendants Xela Enterprises, Ltd., Juan Gutierrez, and Arturo Gutierrez were properly and timely served with notice of this lawsuit pursuant to Federal Rule

of Civil Procedure 4. Failure to do so will result in Defendants Xela Enterprises, Ltd., Juan Gutierrez, and Arturo Gutierrez being dismissed from this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of July 2017.

*[signature]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*