UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23112-Civ-COOKE/TORRES

EXPORTADORA ATLANTICO, S.A.,

    Plaintiff,

vs.

FRESH QUEST, INC., XELA
ENTERPRISES, LTD., TROPIC
INTERNATIONAL LTD., FRESH
QUEST MELON LLC, AGROEXPORTADORA
MUNDIAL, S.A., ALAN GUTTMANN,
JUAN G. GUTIERREZ, MARK KOROL,
JUAN A. GUTIERREZ, CALVIN SHIELDS
and MARIA BOFILL, each individually,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO DISMISS FRESH QUEST MELONS, LLC**

    THIS CASE is before me on Plaintiff Exportadora Atlantico, S.A.'s ("Plaintiff") Motion to Dismiss Fresh Quest Melons, LLC (ECF No. 83). Defendant Fresh Quest Melons, LLC. ("FQ Melons") filed its response in opposition to Plaintiff's Motion (ECF No. 89). Plaintiff did not file a reply and the matter is now ripe for review. Having carefully considered the Parties' motions and responses, the record, and the relevant legal authorities, Plaintiff's Motion to Dismiss Fresh Quest Melons, LLC is granted.

## I. BACKGROUND

    Plaintiff filed the instant lawsuit slightly over a year ago on July 18, 2017.[1] The only count that remains against FQ Melons from the original 15-count Complaint (ECF No. 1) is Count X, successor in interest liability. Since the case was filed, no discovery has been conducted. On April 24, 2017, Plaintiff's counsel filed a Motion to Withdraw as Counsel for

---

[1] Several other entities and individuals were named as Defendants in the Complaint (ECF No. 1); however, those Defendants have either been dismissed (*see* ECF Nos. 64–67) or do not appear to have been served with notice of this lawsuit.

1

Plaintiff (ECF No. 68), citing irreconcilable differences between Plaintiff and counsel. Plaintiff's counsel was granted leave to withdraw on May 9, 2017. *See* ECF No. 72. Before Plaintiff obtained substitute counsel, FQ Melons filed its Motion for Summary Judgment and for Judgment on the Pleadings (ECF No. 74) on May 15, 2017. On May 19, 2017, the deadline for fact discovery expired. Plaintiff finally obtained new counsel on June 15, 2017, after being granted a brief extension of time. That same day, Plaintiff filed a Motion to Stay Proceedings (ECF No. 81), to which FQ Melons responded in opposition. On June 21, 2017, Plaintiff filed its Response to FQ Melons Motion for Summary Judgment (ECF No. 84), as well as the instant Motion to Dismiss (ECF No. 83) in the event its Motion to Stay Proceedings was denied.[2] FQ Melons filed a Response in Opposition to Plaintiff's Motion to Dismiss (ECF No. 89), as well as a Reply in Support of its Motion for Summary Judgment (ECF No. 91).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals by plaintiffs. If an opposing party has served an answer or a motion for summary judgment, a plaintiff can only dismiss an action with approval of the Court. Fed. R. Civ. Proc. 41(a)(2). While "[a] voluntary dismissal without prejudice is not a matter of right, . . . in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991) (internal citations omitted). "When exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Id.* at 1503. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

There is no set list of factors that courts in the Eleventh Circuit have applied in determining whether a voluntary dismissal without prejudice will unduly harm a defendant; however, some of the factors courts have considered are the amount of expense and effort expended by a defendant towards discovery and preparation for trial, any delay or bad faith on the part of the Plaintiff, and the length of time the litigation has been pending. *See Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001); *Fisher*, 940 F.2d at 1503;

---

[2] Plaintiff's Motion to Stay Proceedings was denied. *See* ECF No. 93.

*McBride v. JLG Indus., Inc.*, 189 Fed. App'x 876, 878 (11th Cir. 2006). However, "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Pontenberg*, 252 F.3d at 1256. Additionally, "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.* at 1258 (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986).

### III.   DISCUSSION

FQ Melons argues that it would suffer severe prejudice if this case were dismissed. FQ Melons states that Plaintiff has delayed this case by not propounding any discovery and alleges that Plaintiff only seeks to dismiss FQ Melons from this case because FQ Melons filed its motion for summary judgment. According to FQ Melons, Plaintiff is simply trying to avoid an adverse ruling. Unfortunately, these factors do not give rise to plain legal prejudice over and above the prospect of a second lawsuit.

FQ Melons points to several cases where a court denied the plaintiff's motion to dismiss a defendant without prejudice; however, all are cases where extensive discovery and trial preparation had taken place prior to the plaintiffs attempting to dismiss their cases. *See Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006) (approving denial of motion to dismiss where court considered significant "time that had passed since the case was filed, the many motions filed, and the discovery produced."); *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006) (same); *Merrill Lynch Credit Corp. v. Lenz*, 2010 WL 2103016, at *1 (S.D. Fla. May 25, 2010) (denying motion to dismiss where the parties expended considerable resources to fully develop the case over a period of more than a year, filed numerous motions, and performed extensive discovery). That simply is not the case here. The case most similar to the instant case is *Pontenberg.* In *Pontenberg*,

> Pontenberg sought to dismiss her action against Boston Scientific after the discovery period had expired and after her expert reports had been excluded from the record as a result of her attorney's failure to timely comply with the expert disclosure requirements of Rule 26. Boston Scientific objected to a voluntary dismissal without prejudice. Boston Scientific claimed that a dismissal without prejudice was inappropriate at this juncture in the litigation because it had invested considerable resources, financial and otherwise, in

3

>defending the action, including by preparing the then pending summary judgment motion. Additionally, Boston Scientific argued that dismissal without prejudice was improper because Pontenberg had failed to diligently prosecute the action.

*Pontenberg*, 252 F.3d at 1256. The district court found that Boston Scientific had failed to identify "clear legal prejudice," and the Eleventh Circuit affirmed, holding that the district court did not abuse its discretion in making such a finding. *Id.* Here, while it appears as though Plaintiff may have been negligent in prosecuting this case, FQ Melons has not been put to considerable expense in defending this case. In the year the case has been open, no discovery has been conducted, and aside from FQ Melons' motion for summary judgment, there has been little substantive motion practice until Plaintiff's filing of the Motion to Stay and Motion to Dismiss. Similar to *Pontenberg*, the facts of this case confirm that the only prejudice FQ Melons faces is the prospect of a second lawsuit. Such a position may be "unenviable," but it has been deemed to be an acceptable risk and does not rise to plain legal prejudice.[3] *See Fisher*, 940 F.2d at 1503; *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986).

FQ Melons does not outright argue that Plaintiff is acting in bad faith; however, FQ Melons strongly implies it by arguing that Plaintiff's motive for seeking dismissal is improper because Plaintiff only moved to dismiss FQ Melons after FQ Melons filed its motion for summary judgment. According to FQ Melons, Plaintiff is allegedly only seeking to avoid an adverse ruling on the motion for summary judgment. However, "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Pontenberg*, 252 F.3d at 1258 (citing *McCants*, 781 F.2d 855). FQ Melons claims that its summary judgment motion is meritorious, which weighs against dismissal; however, a strong defense in a summary judgment motion is not enough to prohibit dismissal. In *McCants*, the defendant claimed to have a meritorious statute of limitations defense in its motion for summary judgment. *McCants*, 781 F.2d at 861. Nonetheless, the Eleventh Circuit affirmed the district

---

[3] FQ Melons claims that, as a subsidiary of a publicly held company, it may have to keep funds in reserve against contingent liabilities, including the prospect of a second lawsuit, thus creating further prejudice to FQ Melons. However, such a claim cannot give rise to additional prejudice over and above the prospect of a second lawsuit because it is subsumed *within* the prejudice of a possible second suit—a prejudice that has been considered acceptable.

court's dismissal of the defendant without prejudice, even where it appeared that defendant would lose its statute of limitations defense in the subsequently filed case. *McCants*, 781 F.2d at 857 (citing *Durham*, 385 F.2d at 368). Even if Plaintiff is simply attempting to avoid an adverse decision, I do not find that Plaintiff has acted in bad faith. Plaintiff's first counsel of record moved to withdraw on April 26, 2017 (ECF No. 68), citing irreconcilable differences between Plaintiff and counsel. They were granted leave to withdraw on May 9, 2017 (ECF No. 72). Plaintiff, a Guatemalan company, did not obtain substitute counsel until June 15, 2017. FQ Melons' motion for summary judgment was filed when Plaintiff was without counsel, meaning any motion to dismiss would necessarily be filed after FQ Melons' motion for summary judgment. I cannot find that Plaintiff's new counsel's decision to litigate the case in a different manner than Plaintiff's previous counsel rises to the level of bad faith.

  FQ Melons requests that if Plaintiff is allowed to dismiss FQ Melons without prejudice, that the dismissal be conditioned on the payment of FQ Melons' actual legal fees and costs within twenty days of filing any new action. FQ Melons additionally requests that should Plaintiff file another suit against it, the lawsuit be placed in the procedural posture it is now—that is, after the discovery period has ended. "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Pontenberg*, 252 F.3d at 1256 (quoting *McCants*, 781 F.2d at 857). While FQ Melons may not have expended *considerable* resources in defending this case, it has certainly expended time and effort. As such, I will condition FQ Melons' dismissal on Plaintiff paying a portion of FQ Melons' legal fees and costs pursuant to Federal Rule of Civil Procedure 41(d) within twenty days of Plaintiff filing a new, similar action against FQ Melons. FQ Melons will be entitled to its legal fees and costs for preparing and defending the motion for summary judgment, as well as responding to Plaintiff's motion to stay and motion to dismiss. However, I decline to condition the dismissal on not allowing discovery in a subsequent case. "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857 (citing *Durham*, 385 F.2d at 368). I find that requiring Plaintiff to pay FQ above-described Melons legal costs upon filing a subsequent, similar action sufficiently takes into account FQ Melons interests.

## IV. CONCLUSION

For the reasons discussed above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Fresh Quest Melons, LLC (ECF No. 83) is **GRANTED**.
2. Defendant Fresh Quest Melons, LLC is **DISMISSED** *without prejudice*.
3. The Clerk of Court shall **TERMINATE** Defendant Fresh Quest Melons, LLC, Inc. from this case
4. All pending motions involving Defendant Fresh Quest Melons, LLC, if any, are **DENIED** *as moot*.
5. Pursuant to Federal Rule of Civil Procedure 41(d), should Plaintiff file a subsequent, similar lawsuit against Fresh Quest Melons, LLC, Plaintiff shall pay Fresh Quest Melons, LLC's legal costs and fees in this case associated with preparing and defending the motion for summary judgment, as well as responding to Plaintiff's motion to stay and motion to dismiss. Plaintiff will render payment to Fresh Quest Melons, LLC within twenty (20) days of filing the new action.

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of July 2017.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*